# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FRANCWA SIMS,**

                    **Plaintiff,**

          **v.**

**CATHOLIC CHARITIES,** *et al.*,

                    **Defendants.**

**Civil Action No. 07-CV-0198 (RMC)**

**The Honorable Rosemary M. Collyer**

## MOTION OF DEFENDANT MARTHA'S TABLE
## TO DISMISS PLAINTIFF'S CLAIMS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"),

Defendant Martha's Table, Inc. ("Martha's Table") hereby respectfully moves this

Honorable Court to dismiss all claims asserted against it in Plaintiff's Complaint.

Grounds for this motion are provided in the attached Memorandum of Points and

Authorities.  In the alternative, pursuant to Rule 12(e) of the FRCP, Martha's Table

respectfully moves the Court for a more definitive statement of Plaintiff's Complaint.

Respectfully submitted,

Date:  April 24, 2007                    _____/s/ Donald T. Stepka_____

Donald T. Stepka, # 474009
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, D.C.  20004
(202) 942-5000 (voice)
(202) 942-5999 (fax)
*Counsel for Martha's Table, Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FRANCWA SIMS,**

               **Plaintiff,**

    **v.**

**CATHOLIC CHARITIES,** *et al.*,

               **Defendants.**

**Civil Action No. 07-CV-0198 (RMC)**

**The Honorable Rosemary M. Collyer**

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANT MARTHA'S TABLE TO DISMISS PLAINTIFF'S CLAIMS

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................... iii

FACTUAL BACKGROUND .......................................................................... 1

ARGUMENT ............................................................................................ 3

I.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST
      DEFENDANT MARTHA'S TABLE UNDER THE
      HOMELESS SERVICES REFORM ACT ......................................... 6

II.   PLAINTIFF FAILS TO STATE A CLAIM AGAINST
      DEFENDANT MARTHA'S TABLE UNDER 42 U.S.C. § 1983 ...................... 7

      A.    The Homeless Services Reform Act Does Not Provide A Basis
            For A Claim Against Martha's Table Under 42 U.S.C. § 1983 .............8

            1.    The Homeless Services Reform Act Is Not A Law Of
                  The United States ............................................................9

            2.    The Homeless Services Reform Act Does Not Address
                  Food Services For Homeless Persons .............................9

      B.    Plaintiff Fails To State A Claim Against Defendant Martha's
            Table Under The Fourth Amendment Of The United States
            Constitution ...........................................................................10

      C.    Plaintiff Fails To State An Equal Protection Claim Against
            Defendant Martha's Table .......................................................10

      D.    Plaintiff Does Not Allege That Defendant Martha's Table
            Engaged In State Action .........................................................11

      CONCLUSION ................................................................................ 13

## <u>TABLE OF AUTHORITIES</u>

### CASES

<u>Blum v. Yaretsky</u>
    457 U.S. 991 (1982) ....................................................................................................... 8, 11

<u>Brentwood Academy v. Tennessee Secondary School Athletic Ass'n</u>
    531 U.S. 288 (2001) ............................................................................................................. 8

<u>Burton v. Wilmington Parking Authority</u>
    365 U.S. 715 (1961) ............................................................................................................. 8

<u>City of Oklahoma City v. Tuttle</u>
    471 U.S. 808 (1985) .......................................................................................................... 8, 9

<u>Conley v. Gibson,</u>
    355 U.S. 41 (1957) ............................................................................................................... 5

<u>Haynesworth v. Miller,</u>
    820 F.2d 1245 (D.C. Cir. 1987) ......................................................................................... 5

<u>Jackson v. Metropolitan Edison Co.</u>,
    419 U.S. 345 (1974) ........................................................................................................... 11

<u>Jacobsen v. Oliver,</u>
    201 F. Supp. 2d 93 (D.D.C. 2002) ..................................................................................... 6

<u>Judicial Watch, Inc. v. Clinton,</u>
    880 F. Supp. 1 (D.D.C. 1995) ............................................................................................ 5

<u>Kowal v. MCI Comms. Corp.</u>,
    16 F.3d 1271 (D.C. Cir. 1994) ........................................................................................... 6

<u>Lugar v. Edmonson Oil Co.</u>
    457 U.S. 922 (1982) ............................................................................................................. 8

<u>Material Supply Int'l, Inc. v. Sunmatch Indus. Co.</u>,
    62 F. Supp. 2d 13 (D.D.C. 1999) ....................................................................................... 6

<u>Pitney Bowes v. United States Postal Service,</u>
    27 F. Supp 2d 15 (D.D.C. 1998) ........................................................................................ 5

<u>Rendell-Baker v. Kohn</u>
    457 U.S. 830 (1982) ....................................................................................................... 8, 11

Tinsley v. Widener,
      150 F. Supp. 2d 7 (D.D.C. 2001) ........................................................................ 5


## STATUTES

42 U.S.C. § 1983 .................................................................................... 2, 3, 4, 5, 7, 8, 9, 12

D.C. Code Ann. §§ 4-751.01 *et seq.* ....................................................................... 2, 10

D.C. Code Ann. §§ 4-754.11 – 4.754.56 ......................................................................... 7

D.C. Code Ann. §§ 4-754.21 *et seq.* ............................................................................. 4

District of Columbia Law 16-35 .............................................................................. 2, 9


## MISCELLANEOUS

U.S. Const. amend. IV ...................................................................................... 3, 4, 10

U.S. Const. amend. XIV, § 1 ..................................................................................... 10

Federal Rules of Civil Procedure Rule 12(b)(6) ...........................................................3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FRANCWA SIMS,** | |
| **Plaintiff,** | **Civil Action No. 07-CV-0198 (RMC)** |
| **v.** | |
| **CATHOLIC CHARITIES,** *et al.*, | **The Honorable Rosemary M. Collyer** |
| **Defendants.** | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
OF DEFENDANT MARTHA'S TABLE TO DISMISS PLAINTIFF'S CLAIMS**

Plaintiff Francwa Sims claims to represent a purported class of "clients of . . .
non-profit organizations and agencies contracted with the District of Columbia
Department of Human Services ("DHS")," who have allegedly suffered harm as a result
of the actions of such organizations and agencies.  He asserts claims for injunctive and
declaratory relief against the operator of a shelter for homeless persons, a security
contractor for DHS, a DHS officer, an officer of the District of Columbia Housing
Authority ("DCHA"), and two organizations that provide meals to homeless persons.
Defendant Martha's Table, Inc. ("Martha's Table") is one of the latter organizations.

**FACTUAL BACKGROUND**

Defendant Martha's Table is a non-profit charitable organization dedicated to
serving the needs of the less fortunate in the Washington, DC community through food,
learning, healthy living, recreational and family support services.  Among other
programs, Martha's Table operates a mobile soup kitchen program called "McKenna's

Wagon" that serves evening meals 365 days a year to DC residents in need. Each night the McKenna's Wagon vans, driven and staffed by volunteers, visit several locations around the city serving sandwiches, soup, a dessert, and tea.

Plaintiff Francwa Sims asserts civil rights claims for injunctive and declaratory relief under 42 U.S.C. § 1983, and does not demand a jury trial. In his Complaint, Mr. Sims claims to have been harmed by a number of defendants. Primarily, Mr. Sims alleges harmful conduct, in connection with conditions at the 801 East Shelter, by the District of Columbia government through its agencies the DHS and DCHA; Hawk One Security, Inc. ("Hawk One"), a security company allegedly providing services at the 801 East Shelter under contract to DHS; Catholic Charities, a charity that allegedly operates the 801 East Shelter; and DC Central Kitchen, a charity that allegedly serves meals at facilities operated by Catholic Charities, allegedly under contract to Catholic Charities and/or DHS. Plaintiff Sims claims that certain acts or omissions of these defendants with respect to conditions at the 801 East Shelter violate his Equal Protection rights, his Fourth Amendment rights, or the District of Columbia Homeless Services Reform Act of 2005 ("HSRA"), District of Columbia Law 16-35, codified at D.C. Code Ann. §§ 4-751.01 *et seq*.

Additionally, Plaintiff Sims asserts claims against the McKenna's Wagon mobile soup kitchen program operated by Martha's Table, although he does not clearly state any cause of action against Martha's Table and has made absolutely no well-pleaded factual allegations that could support any cause of action. Plaintiff does not allege that the McKenna's Wagon mobile soup kitchen program is associated with the 801 East Shelter, with conditions at the Shelter, or with any of the other defendants in any way. Out of

– 2 –

twenty paragraphs of factual allegations in the Complaint, the entirety of the allegations regarding the conduct of Martha's Table is stated in Paragraph 11: at times, Plaintiff Sims alleges, the McKenna's Wagon volunteers had insufficient food and arrived later than the scheduled time. The relief Mr. Sims seeks with respect to Martha's Table is equally puzzling—only that its "finances and practices" should be investigated. Complaint at ¶ (d).

Martha's Table is very proud of the McKenna's Kitchen mobile soup kitchen program, and the organization and its volunteers work very hard to obtain donations, prepare nutritious meals, and deliver them to locations convenient for the members of the community who need them. Martha's Table disputes the accuracy of Plaintiff Sims's factual allegations. However, even accepting all of Plaintiff's allegations as true, he has not stated a claim against Martha's Table upon which relief can be granted. Accordingly, Defendant Martha's Table respectfully asks this Court to dismiss all of Plaintiff's claims against it, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## ARGUMENT

The Complaint appears to assert claims under 42 U.S.C. § 1983, but does not clearly articulate any claim against Defendant Martha's Table. Plaintiff's sole cause of action ostensibly seeks injunctive and declaratory relief for alleged violations of the HSRA. It appears that Plaintiff Sims may also seek injunctive and declaratory relief for alleged violations of his Fourth Amendment rights; the latter claim appears to be limited to Defendant Hawk One. *See* Complaint at ¶¶ 9, 22–23. Plaintiff also mentions violations of his "Equal Protection rights under the Fourth Amendment of the United States Constitution," Complaint at ¶¶ 1 and 9, although he makes no specific allegations

– 3 –

of Equal Protection violations and the Fourth Amendment is not generally considered to secure Equal Protection rights.  Indeed, the only factual allegation Plaintiff makes regarding the conduct of Martha's Table is that its volunteers had insufficient food and arrived later than the scheduled time.  Plaintiff's vague and conclusory allegations are not sufficient to support any cause of action.

The HSRA establishes the duties of the District with respect to its homeless residents, and the institutions and procedures by which those duties are to be carried out. Among other provisions, the HSRA sets standards for providers of housing services to homeless residents of the District.  *See* D.C. Code Ann. §§ 4-754.21 *et seq.*  Plaintiff does not allege any violation of the HSRA against Martha's Table.  Indeed, he cannot make any such allegation as a matter of law because the HSRA does not address the activities of providers of meals to the homeless, such as the McKenna's Wagon mobile soup kitchen operated by Martha's Table.  Further, the HSRA does not provide a private right of action in any case.

Nor does Plaintiff Sims allege any cause of action against Martha's Table under Section 1983.  The HSRA is not a basis for any cause of action by Mr. Sims against Martha's Table under Section 1983 because it is not a federal law and does not create federal civil rights.  Moreover, even if the HSRA did create federal civil rights, it could not create a right to meal services because it does not create any legal duty to provide food for the homeless.  Finally, it is easily shown that Martha's Table does not act under color of state law in operating the McKenna's Wagon mobile soup kitchen program.[1]

---

[1]    Martha's Table receives government funding for other activities, notably its day care program.  Martha's Table does not believe that its funded activities rise to a level that

Footnote continued on next page

Similarly, the Fourth Amendment is not a basis for any cause of action against Martha's Table under Section 1983. Plaintiff Sims makes no allegations against Martha's Table regarding searches or seizures, nor does he allege that Martha's Table is a state actor. To the extent that Plaintiff may be construed to claim a violation of his Equal Protection rights, he has not alleged any discriminatory treatment by which Martha's Table singled him out, nor that Martha's Table is a state actor.

Finally, the only relief Plaintiff Sims seeks with respect to Defendant Martha's Table is for its finances and practices to be investigated and monitored. Complaint at ¶¶ (b) and (d). Defendant Martha's Table is unaware of any cause of action for which an investigation, by itself, would be the appropriate remedy.

A complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim where "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While the well-pleaded factual allegations in a complaint must be accepted as true, and all reasonable inferences should be drawn in the nonmovant's favor, Tinsley v. Widener, et al., 150 F. Supp. 2d 7, 11 (D.D.C. 2001) (citing Pitney Bowes v. United States Postal Service, 27 F. Supp. 2d 15, 19 (D.D.C. 1998) and Judicial Watch, Inc. v. Clinton, 880 F. Supp 1, 7 (D.D.C. 1995)), factual allegations "that are overbroad and unsupported by specific factual averments" should not be accepted as true. Id.; *see also* Haynesworth v. Miller,

---

Footnote continued from previous page
would constitute state action. In any case, Plaintiff has made no allegations with respect to any of Martha's Table's government-funded activities, nor does it appear that the class he purports to represent could make any such allegations.

820 F.2d 1245, 1254 (D.C. Cir. 1987) ("sweeping and unwarranted averments of fact[]

will not be deemed admitted" for purposes of a motion to dismiss).

Similarly, "[c]onclusory allegations or legal conclusions masquerading as factual

conclusions . . . will not suffice to prevent a motion to dismiss." Material Supply Int'l,

Inc. v. Sunmatch Indus. Co., 62 F.Supp 2d 13, 19 (D.D.C. 1999) (internal quotations

omitted); *see also* Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir.

1994) ("[T]he court need not accept inferences drawn by plaintiffs if such inferences are

unsupported by the facts set out in the complaint. Nor must the court accept legal

conclusions cast in the form of factual allegations.").

In deciding a motion to dismiss, the court may consider materials that are matters

of public record without transforming the motion to dismiss into a motion for summary

judgment. *See* Jacobsen v. Oliver, 201 F. Supp. 2d 93, 110 (D.D.C. 2002).

In short, Martha's Table did not and does not owe any legal duty to Plaintiff

Francwa Sims and the class he purports to represent. Accordingly, Plaintiff Sims does

not, and cannot, as a matter of law, state claims against Martha's Table upon which relief

can be granted. His complaint should be dismissed in its entirety with respect to

Defendant Martha's Table.

## I.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANT MARTHA'S TABLE UNDER THE HOMELESS SERVICES REFORM ACT

Plaintiff denominates his sole cause of action as "Violation of the 'Homeless

Services Reform Act of 2005' ('HSRA')." The HSRA established institutions for

providing and monitoring housing services to homeless residents of the District. Among

its provisions are standards for District agencies and providers of housing and shelter to

the homeless. *See* D.C. Code Ann. §§ 4-754.11 through 4-754-56. Plaintiff Sims alleges

absolutely no facts that could support a claim that Defendant Martha's Table violated the

provisions of the HSRA. Indeed, he does not even allege that Martha's Table is engaged

in activities that implicate the HSRA. Mr. Sims makes allegations about the quality and

quantity of food provided by Martha's Table, but the HSRA simply does not address food

services for homeless persons. *See id.* Because the conduct Mr. Sims alleges does not

implicate the statute, it cannot, as a matter of law, violate the statute. Further, the HSRA

makes no provision for a private right of action. Accordingly, Plaintiff has failed to state

a claim against Martha's Table under the HSRA upon which relief can be granted.


II.    **PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANT
       MARTHA'S TABLE UNDER 42 U.S.C. § 1983**

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or
> the District of Columbia, subjects, or causes to be
> subjected, any citizen of the United States or other person
> within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in
> an action at law, suit in equity, or other proper proceeding
> for redress, except that in any action brought against a
> judicial officer for an act or omission taken in such
> officer's judicial capacity, injunctive relief shall not be
> granted unless a declaratory decree was violated or
> declaratory relief was unavailable. For the purposes of this
> section, any Act of Congress applicable exclusively to the
> District of Columbia shall be considered to be a statute of
> the District of Columbia.

42 U.S.C. § 1983.

According to the Supreme Court, "the elements of a § 1983 cause of action might

be summarized as follows: (1) a person, (2) acting under the color of state law, (3)

subjected the plaintiff or caused the plaintiff to be subjected, (4) to the deprivation of a

right secured by the Constitution or the laws of the United States." City of Oklahoma City v. Tuttle, 471 U.S. 808, 829 (1985). Plaintiff has the burden of proving that the defendant acted under the color of state law where the defendants are not government employees or entities. Blum v. Yaretsky, 457 U.S. 991, 1004 (1982). This may be demonstrated in several ways. A plaintiff must prove: (1) that there was a "symbiotic relationship" between the private defendant and the state, Burton v. Wilmington Parking Authority, 365 U.S. 715 (1961);[2] (2) that the private defendant performed a function that is traditionally and historically the exclusive prerogative of the state, see Rendell-Baker, 457 U.S. at 842; (3) that the state "exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State," id.; (4) that the state and the private defendant jointly participated in the alleged wrongdoing, see Lugar v. Edmonson Oil Co., 457 U.S. 922 (1982); or (5) that state officials and institutions are pervasively entwined with a nominally private association, see Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288 (2001).[3]

### A. The Homeless Services Reform Act Does Not Provide A Basis For A Claim Against Martha's Table Under 42 U.S.C. § 1983

As discussed above in Section I, Plaintiff Sims has failed to state a claim under the HSRA. Additionally, the HSRA cannot provide the basis for a claim against Martha's Table under Section 1983 for two independent reasons. First, it is not a "law[]

---

[2]    The Court has read Burton to support a finding of state action only when the state profited from the private wrongs. See Rendell-Baker v. Kohn, 457 U.S. 830 (1982).

[3]    State action is present if an entity is entwined with governmental policies or if the government is entwined with the entity's management or control. Id. at 297.

of the United States." <u>Tuttle</u>, 471 U.S. at 829.  And second, it does not impose an

obligation on the District to feed its homeless residents.  Absent such an obligation, the

HSRA could not provide a statutory basis for relief under Section 1983, even if the

HSRA were a federal law.

1.     <u>The Homeless Services Reform Act<br>Is Not A Law Of The United States</u>

Plaintiff Sims does not allege that the HSRA is a law of the United States that

creates federal civil rights.  Nor can he.  The HSRA was adopted by the Council and

signed by the Mayor of the District of Columbia.  As with all District laws, it was

approved by Congress.  It is not, however, a "law[] of the United States" for purposes of

Section 1983.  <u>Tuttle</u>, 471 U.S. at 829.  This is proven by the text of Section 1983 itself,

which provides that statutes and ordinances of the District of Columbia are effectively

state laws under color of which a person may be acting so as to violate a provision of the

Constitution or laws of the United States.  Further, "any Act of Congress applicable

exclusively to the District of Columbia shall be considered to be a statute of the District

of Columbia."  42 U.S.C. § 1983.  Thus, even if the HSRA were considered to be an Act

of Congress, for purposes of Section 1983 it would nevertheless be a statute of the

District of Columbia because it applies exclusively to the District.  The HSRA is

therefore not a law of the United States for purposes of Section 1983 and it cannot create

federal civil rights enforceable under Section 1983.

2.     <u>The Homeless Services Reform Act Does Not<br>Address Food Services For Homeless Persons</u>

Even if the HSRA were to be considered a federal law giving rise to civil rights

enforceable under Section 1983, it could not create a right to have meals provided by the

– 9 –

District for the simple reason that the Act does not impose, upon any person, an obligation to feed homeless residents of the District. *See* District of Columbia Law 16-35, codified at D.C. Code Ann. §§ 4-751.01 *et seq. A fortiori,* no such right based on the HSRA could be asserted against Martha's table, as a matter of law.

**B.    Plaintiff Fails To State A Claim Against Defendant Martha's Table Under The Fourth Amendment Of The United States Constitution**

Plaintiff does not appear to assert Fourth Amendment claims against Martha's Table. *See* Complaint at ¶¶ 9, 22–23. He makes absolutely no factual allegations that Martha's Table searched or seized his person or belongings, much less that Martha's Table did so unreasonably, which would be necessary to maintain any cause of action under the Fourth Amendment. Furthermore, Plaintiff concedes that Martha's Table is a private, nongovernmental entity, Complaint at ¶ 6, and does not allege that Martha's Table is a state actor.

**C.    Plaintiff Fails To State An Equal Protection Claim Against Defendant Martha's Table**

It appears doubtful that Plaintiff Sims raised Equal Protection claims in his Complaint. Both times he refers to Equal Protection rights, Mr. Sims characterizes them as "Equal Protection rights under the Fourth Amendment of the United States Constitution." Complaint at ¶¶ 1 and 9. In neither case does he refer to the Equal Protection Clause of the Fourteenth Amendment to the Constitution. In any event, Plaintiff Sims makes no factual allegations that he has been singled out for discrimination or treated unequally compared to others by Martha's Table, which would be necessary to maintain any cause of action for violation of Equal Protection rights. Again, Plaintiff

concedes that Martha's Table is a private, nongovernmental entity, Complaint at ¶ 6, and does not allege that Martha's Table is a state actor.

###    D.    Plaintiff Does Not Allege That Defendant Martha's Table Engaged In State Action

Plaintiff has the burden of proving that the defendant acted under the color of state law where the defendants are not government employees or entities. Blum v. Yaretsky, 457 U.S. 991, 1004 (1982). Plaintiff Sims concedes that Martha's Table is a private, nongovernmental entity, Complaint at ¶ 6, and does not allege that Martha's Table engages in state action by operating the McKenna's Wagon mobile soup kitchen program. This is not surprising, because no such allegation could be well pleaded in light of the complete independence of the mobile soup kitchen program from government involvement. The only allegation that could conceivably be construed as suggesting state action is Plaintiff's reference to "grant money" allegedly received by Martha's Table. Complaint at ¶ 11. However, Plaintiff Sims does not allege that Martha's Table receives grant money from the government, and in any case, Defendant Martha's Table is unaware of any authority suggesting that the mere receipt of public funds makes a private party a state actor. Quite the contrary, the Supreme Court has held that private organizations are not state actors for purposes of Section 1983 or the civil rights provisions of the Constitution even if they receive a majority of their funding from the government and are regulated by the state. Rendell Baker, 457 U.S. 830 (1982); Blum, 457 U.S. 991, 1004 (1982); Jackson v. Metropolitan Edison Co., 419 U.S. 345 (1974). Further, as Defendant Martha's Table can easily show, it receives no government funds to operate the McKenna's Wagon mobile soup kitchen program.

None of the tests for state action can be met by any well-pleaded factual allegations.  There is no symbiotic relationship between the District and the mobile soup kitchen program.  Feeding the homeless is not a function that is traditionally and historically the exclusive prerogative of the District.[4]  The District exercises no coercive power over Martha's Table in its administration of the McKenna's Wagon mobile soup kitchen program, nor does it jointly participate in the program.  Finally, the District is not "pervasively intertwined" with Martha's Table in its administration of the mobile soup kitchen program.  Because none of the tests for state action can be supported by any well-pleaded factual allegations, as a matter of law Plaintiff Sims cannot assert a Section 1983 claim against Martha's Table upon which relief could be granted.  His Complaint should be dismissed in its entirety with respect to Defendant Martha's Table.

---

[4]     Indeed, this fact is the very cause of existence of the McKenna's Wagon mobile soup kitchen program and other programs that provide food for homeless and disadvantaged residents of the District.  Further, as we noted above and discuss below, the HSRA— which spells out the District's obligations to its homeless residents in detail—does not address feeding the homeless.

## **CONCLUSION**

For the reasons given above, this Court should dismiss the Complaint of Plaintiff Francwa Sims in its entirety as to Defendant Martha's Table. In the alternative, Defendant Martha's Table respectfully moves this Court for a more definitive statement of Plaintiff's claims.

Respectfully submitted,

Date: April 24, 2007                    _____/s/ Donald T. Stepka_____

Donald T. Stepka, # 474009
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, D.C.  20004
(202) 942-5000 (voice)
(202) 942-5999 (fax)
*Counsel for Martha's Table, Inc.*

Donald T. Stepka
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, D.C.  20004
(202) 942-5000 (voice)
(202) 942-5999 (fax)
*Counsel for Martha's Table, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRANCWA SIMS,** | |
| **Plaintiff,** | **Civil Action No. 07-CV-0198 (RMC)** |
| **v.** | |
| **CATHOLIC CHARITIES,** *et al.*, | **The Honorable Rosemary M. Collyer** |
| **Defendants.** | |

## PROPOSED ORDER

Upon consideration of Defendant Martha's Table's Motion to Dismiss, plaintiff's

opposition, and for good cause shown, Defendant Martha's Table's Motion to Dismiss is

hereby **GRANTED** and the Complaint is **DISMISSED WITH PREJUDICE** with

respect to Defendant Martha's Table.

**SO ORDERED** this _____ day of _____, 2007.

_____
United States District Court Judge

cc:    Francwa Sims
       2700 Martin Luther King Avenue, S.E.
       Washington, DC  20032

Catholic Charities
924 G Street, N.W.
Washington, DC  20001

Hawk One Security, Inc.
1331 H  Street, N.W.
Washington, DC  20005

Kate Jesberg
Interim Director
District of Columbia Department of Human Services
64 New York Avenue, N.E.
Washington, DC  20002

DC Central Kitchen
425 2nd Street, N.W.
Washington, DC  20001

Michael P. Kelly
Executive Director
District of Columbia Housing Authority
1133 North Capitol Street, N.E.
Washington, DC  20002

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of April, 2007, I caused a true copy of the foregoing Motion of Defendant Martha's Table to Dismiss Plaintiffs' Claims, and the Memorandum Of Points And Authorities In Support of the Motion of Defendant Martha's Table to Dismiss Plaintiffs' Claims, with proposed Order, to be sent by First Class United States Mail, postage prepaid, to the following recipients:

Francwa Sims
2700 Martin Luther King Avenue, S.E.
Washington, DC  20032

Catholic Charities
924 G Street, N.W.
Washington, DC  20001

Hawk One Security, Inc.
1331 H  Street, N.W.
Washington, DC  20005

Kate Jesberg
Interim Director
District of Columbia Department of Human Services
64 New York Avenue, N.E.
Washington, DC  20002

DC Central Kitchen
425 2nd Street, N.W.
Washington, DC  20001

Michael P. Kelly
Executive Director
District of Columbia Housing Authority
1133 North Capitol Street, N.E.
Washington, DC  20002

_____/s/ Donald T. Stepka_____
Donald T. Stepka