IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANCWA SIMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) Civil Action No. 07-0198 (RMC)<br>CATHOLIC CHARITIES, et al., )<br>)<br>Defendants. )<br>)<br>) | |

## DEFENDANT DC CENTRAL KITCHEN'S MOTION TO DISMISS

Defendant DC Central Kitchen hereby moves for an order, pursuant to Fed. R. Civ. P. 12(b), dismissing Plaintiff Francwa Sims's complaint in its entirety. The grounds for this motion are that (1) Plaintiff has failed to meet the minimal pleading requirements of Rule 8(a) for pleading jurisdiction; (2) the court lacks subject matter jurisdiction; and (3) plaintiff lacks standing because he has failed to plead either injury or an actionable remedy. It should also be dismissed under Fed. R. Civ. P. 12(b)(6) because the complaint fails to state a claim upon which relief may be granted.

The grounds for this motion are set forth more fully in the accompanying memorandum of law.

- 2 -

WHEREFORE, Defendant DC Central Kitchen respectfully requests that the Court grant this motion and enter an order dismissing Plaintiff's complaint against DC Central Kitchen in its entirety.

DATED:  April 24, 2007        DC CENTRAL KITCHEN

By Counsel

          /s/   Tonya Gaskins-Saunders
Tonya Gaskins-Saunders (D.C. Bar No. 484414)
Deborah Baum (D.C. Bar No. 393019)
Steven A. Dahm (D.C. Bar No. 4853
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C.  20037
Phone:  (202) 663-8000
Fax:  (202) 663-8007

Counsel for Defendant DC Central Kitchen

- 2 -

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| FRANCWA SIMS, ) ) Plaintiff, ) ) v. ) ) CATHOLIC CHARITIES, et al., ) ) Defendants. ) | Civil Action No. 07-0198 (RMC) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANT DC CENTRAL KITCHEN'S MOTION TO DISMISS**

Defendant DC CENTRAL KITCHEN ("DCCK"), by and through undersigned counsel, respectfully submits this memorandum in support of its motion, pursuant to Fed. R. Civ. P. 12(b) for an order dismissing Plaintiff Francwa Sims' complaint against DCCK in its entirety. As described below, dismissal of Plaintiff's complaint under 12(b)(1) is appropriate because (1) Plaintiff has failed to meet the minimal pleading requirements of Rule 8(a) for pleading jurisdiction; (2) the court lacks subject matter jurisdiction; and (3) Plaintiff lacks standing because he has failed to plead either injury or an actionable remedy. It should also be dismissed under 12(b)(6) because the complaint fails to state a claim upon which relief may be granted.

**STATEMENT OF FACTS**

Plaintiff's complaint variously alleges that defendant Catholic Charities is in violation of a statute of the District of Columbia, the Homeless Services Reform Act of 2005, DC ST § 4-751.01 *et. seq.* ("HSRA"); that the DC Department of Human Services has contracted with Catholic Charities to operate the 801 East Shelter (the "Shelter"); and that DHS has also contracted with Hawk One Security, which has denied plaintiff access to the Shelter (perhaps in violation of the Fourth Amendment). The Complaint also names as a defendant DCCK, whose only alleged offense is to provide food at sites operated by Catholic Charities (not specifically alleged to include the Shelter).

DCCK is a charitable organization that recovers food daily from restaurants that would otherwise waste it. (Compl. ¶5). DCCK is able to provide more than 4,000 meals to the hungry each year with the food that it recovers. (Id.) As part of its food preparation, DCCK also operates a twelve-week culinary job training program for unemployed men and women living in homeless shelters or receiving welfare benefits. (DCCK Consolidated financial Statements 12/31/05 and 04 at p. 11 – attached to Complaint).[1] The program offers comprehensive training in food preparation and sanitation in combination with job readiness and life skills training. (Id.)

Plaintiff alleges that DCCK has a contract with Catholic Charities to provide food to the 801 shelter. (Compl. ¶ 10.) Plaintiff alleges that DCCK food service staff are not licensed.[2] (Compl. ¶ 19.) Plaintiff also alleges that the food provided by DCCK is neither well-cooked,

---

[1] The court may take judicial notice of documents attached to the complaint and public records. *Stahl v. U.S. Dep't of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003) (citing cases); *Blue Tree Hotels Investment (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004).

[2] While there is no requirement for service staff to be licensed, DCCK notes that its business license is current and is publicly on file with DC's Department of Regulatory Affairs. There are no other licensing requirements that DCCK or its staff must meet to supply food to the 801 shelter.

properly prepared, nutritious, nor fresh.³ (Compl. ¶ 26.) These are no other allegations in the complaint related to DCCK.

Plaintiff does not assert any federal claim against DCCK. The remainder of the allegations appear to be arrayed against the other defendants and concern supposed violations of Plaintiff's Fourth Amendment protections against search and seizure. There is no link alleged between DCCK and these Fourth Amendment claims. The only remedy that plaintiff seeks against DCCK is that it be "monitored and investigated." (Compl. Requested Relief (b) and (d)).

**ARGUMENT**

**I.   PLAINTIFF FAILS TO MEET PLEADING REQUIREMENTS WITH RESPECT TO JURISDICTION**

Plaintiff does not plead the basis of this Court's jurisdiction, as required by Fed. R. Civ. P. 8(a)(1), and there is no obvious basis of jurisdiction, at least as to DCCK. Absent such a statement, the "[c]ourt is presumed to lack jurisdiction; it is the duty of the pleader to affirmatively establish proper jurisdiction." *Williams v. Callahan*, 1997 U.S. Dist. LEXIS 21154 (D.D.C. 1997). Like the complaint in *Williams*, this complaint should be dismissed for failure to make the required jurisdictional allegations.

As discussed in more detail below, no doubt plaintiff asserted no basis for jurisdiction because there is none. The HSRA is not a federal statute, and there is no Fourth Amendment violation alleged as to DCCK. There is no diversity alleged between the plaintiff and the defendants.

---

³ While DCCK vigorously denies these allegations, because this food is prepared by a licensed provider, is well-cooked, is properly prepared, is nutritious and is very fresh, the court need not address these issues to resolve this motion to dismiss.

**II.   THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THE ACTION AGAINST DC CENTRAL KITCHEN**

Plaintiff cannot bring a claim in a federal court unless he has subject matter jurisdiction. *Dillon v. Combs*, 895 F2d 1175, 1177 (7th Cir. 1990). Plaintiff does not allege any facts, or cite any law, that demonstrates either that there is a federal question, that there is diversity of citizenship, or that supplemental jurisdiction would be appropriate.

**A.   THERE IS NO FEDERAL QUESTION**

Plaintiff has not asserted a federal cause of action. Plaintiff's right to sue in federal court must be founded on a constitutional right or some specific federal law other than the 'general' federal question statute, giving plaintiff a right of action. *Id*. There is no such federal statute nor constitutional right here. To the extent that the Complaint can be read to assert any claim at all (which, as discussed below, DCCK denies), it is not based on a federal statute nor constitutional right. Rather, having attached a copy of the Homeless Services Reform Act of 2005 to his complaint, plaintiff appears to rely on the laws of the District of Columbia. If anything, Plaintiff alleges a violation of DC law, not a federal question.

Plaintiff purports to make a Fourth Amendment claim against Catholic Charities, Hawk One Security, and the District of Columbia, but does not allege any link between his Fourth Amendment allegations against these defendants and the food served by DCCK. Rather, plaintiff makes vague allegations of food dissatisfaction against DCCK. Plaintiff does not cite any federal statute nor constitutional right related to food preparation or licensing in his complaint. Without such a federal statutory or constitutional question, the court lacks subject matter jurisdiction as to DCCK.

6

The only link that plaintiff offers between DCCK and any other party is an alleged contract between DCCK and Catholic Charities to provide food. (Compl. ¶ 10). This allegation fails to connect DCCK to any of the alleged Fourth Amendment violations and does not connect DCCK to any facts raising a federal statutory or constitutional question.

### B.   THERE IS NO DIVERSITY OF CITIZENSHIP

"Federal diversity jurisdiction is lacking if there are any litigants from the same state on opposing sides." *Prakash v. American Univ.*, 234 U.S. App. D.C. 75, 727 F.2d 1174, 1178 n.25 (D.C. Cir. 1984). Plaintiffs do not plead diversity of citizenship. On the face of the complaint, all of the parties appear to be citizens of DC. Plaintiff alleges that he is a "client" (i.e. resident) of the 801 East Shelter located at 2700 Martin Luther King Avenue S.E., Washington, D.C. 20032. (Compl. ¶ 1). Plaintiff further contends that (1) defendant Catholic Community Services was established under the laws of District Columbia and has offices there, (Compl. ¶ 2); (2) defendant Hawk One Security provides security for the District of Columbia Department of Human Services, (Compl. ¶ 3); (3) defendant District of Columbia Department of Human Services administers programs to DC residents, (Compl. ¶ 4); defendant DCCK operates in DC, (Compl. ¶ 5); defendant Martha's Table operates in DC, (Compl. ¶ 6); and defendant District of Columbia housing Authority operates in DC, (Compl. ¶ 7). Because plaintiff and defendants are all alleged to be residents of the District of Columbia, there is no diversity of citizenship.

### C.   THERE IS NO FACTUAL CONNECTION SUFFICIENT TO CREATE SUPPLEMENTAL JURISDICTION

There is insufficient factual connection between the claims to create supplemental jurisdiction under 28 U.S.C. §1367. To obtain supplemental jurisdiction, there must at least be "[a] loose factual connection between the claims…" *Baer v. First Options of Chicago, Inc.*, 72

7

F3d 1294, 1299 (7th Cir. 1995), something that is not present here. A relationship between two parties is insufficient to create supplemental jurisdiction. For example, in *Lyon v. Whisman* 45 F3d 758, 763 (3d Cir. 1995), an employee sued her employer for failure to pay overtime wages as required by the Fair Labor Standards Act ("FLSA"), as well as bringing state law tort and contract claims based on Employer's failure to pay a promised bonus. The court could not exercise supplemental jurisdiction on these latter claims because they shared no 'common nucleus of operative facts' with the FLSA claim. The only link between the two was the employer-employee relationship. *Id*.

The only link that plaintiff offers between DCCK and any other party is an alleged contract between DCCK and Catholic Charities to provide food. (Compl. ¶ 10). This allegation fails to connect DCCK to any of the alleged Fourth Amendment violations and does not connect DCCK to any facts raising a federal statutory or constitutional question. There is no other connection at all between DCCK's provision of food and any of the other allegations or any of the other defendants in the complaint. Because there is no connection, supplemental jurisdiction would also be improper as to DCCK.[4]

Accordingly, defendant DCCK respectfully requests that the court dismiss this action as to DCCK for lack of subject matter jurisdiction.

---

[4] Because pendant party jurisdiction is judged under the same standard as supplemental jurisdiction (i.e. it requires the same 'nucleus of operative facts,'), there is no pendant party jurisdiction in this case either. *Prakash v. American Univ.*, 234 U.S. App. D.C. 75, n.60 (D.C. Cir. 1984) ("the state and federal claims must derive from a common nucleus of operative fact.").

**III.    PLAINTIFFS LACK STANDING BECAUSE THEY HAVE FAILED TO PLEAD ANY INJURY AND DO NOT REQUEST A DECISION THAT WOULD GRANT THEM ANY RELIEF**

Under Article III of the Constitution, a party "must demonstrate standing to satisfy the 'case or controversy' requirement necessary to the exercise of our judicial power." *Sanner v. Board of Trade of the City of Chicago*, 62 F.3d 918, 922 (7th Cir. 1995). To establish standing, a plaintiff must show "(1) injury in fact, meaning an invasion of a legally protected interest that is concrete and particularized, actual or imminent, and not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of such that the injury is fairly traceable to the defendant's actions; and (3) that a favorable decision is likely to redress the injury." See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 119 L. Ed. 2d 351, 112 S. Ct. 2130 (1992). Plaintiff fails to satisfy these requirements.

Plaintiff fails to plead any injury resulting from his allegations of unlicensed staff, poorly cooked, improperly prepared, non-nutritious and non-fresh food. There are no allegations of poor health, illness, injury, or death. The allegations amount to no more than dissatisfaction with the food that he is provided. Dissatisfaction with food is not an injury for which plaintiff is entitled to recover damages.

Plaintiff's case must fail because a favorable decision will not redress any injury. *Id*. No injunction is sought against DCCK for violation of Fourth Amendment, or any other violation. (see Compl. Requested Relief (c)). Nor are damages sought. Rather plaintiff asks only that DCCK be "monitored and investigated." (Compl. Requested Relief (b) and (d)). These are not actions that DCCK can undertake. Thus no relief is sought against DCCK at all.

### IV. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Dismissal of a complaint is warranted "if it is clear that no relief could be granted under any set of facts that could be proved consistent with allegations" in the complaint. Price v. Phoenix Home Life Ins. Co., 44 F. Supp. 2d 28, 31 (D.D.C. 1999). Even though a pro se complaint is held to a less stringent standard than a complaint drafted by lawyers, nonetheless a pro se plaintiff must "at least meet a minimal standard of pleading in the complaint." Id. (denying plaintiff's motion to amend complaint because "amendment is futile if the complaint as amended would not otherwise survive a motion to dismiss.").

Even if read in the light most favorable to Plaintiff, the complaint fails to adequately plead a claim. A brief review of the complaint demonstrates that there is no connection between plaintiff's dissatisfaction with the food that he has received and any legal right. The single allegation as to food quality is conclusory and not supported by any specific factual allegations. Even if it were, DCCK would enjoy immunity from such claims absent allegations that DCCK was grossly negligent or acted intentionally.

#### A. THE DISTRICT OF COLUMBIA'S HOMELESS SERVICES REFORM ACT OF 2005 DOES NOT CREATE AN ENTITLEMENT

Plaintiff attaches a copy of the Homeless Services Reform Act of 2005. Presumably he believes that DCCK is governed by the provisions of this Act. Assuming arguendo that DCCK is covered by this Act, the Act specifically states that "[n]o provisions of this act shall be construed to create an entitlement (either direct or implied) on the part of any individual or family to any services within the Continuum of Care, other than shelter in severe weather conditions as authorized by section 9(5). D.C. Code § 4-755.01. In fact, the Act makes only a single reference to food, requiring only that providers of severe weather shelters shall provide

"[b]asic needs, such as food and clothing and other supportive services, or information about where to obtain such basic needs and supportive services" D.C. Code § 4-754.22 (2). Plaintiff does not allege that food sufficient to meet basic needs has not been provided, or that Plaintiff has not been told where it can be found.

Accordingly, the case against DCCK should be dismissed.

### B.     DCCK IS IMMUNE FROM LIABILITY UNDER D.C. CODE § 48-301 (b)

Finally, where the Court to reach the merits of this dispute, the laws of the District of Columbia expressly provide that DCCK is immune from liability, even if the food that it provided caused injury or death, something that plaintiff does not allege. Specifically, D.C. Code § 48-301 (b) provides that:

> All other provisions of law notwithstanding, a bona fide charitable or not-for-profit organization which in good faith receives and distributes food which is not known or believed to be unfit for human consumption, as defined in Chapter 1 of this title, or rules issued pursuant to that chapter at the time it is distributed, without charge or at a nominal charge, shall not be subject to criminal or civil liability arising from an injury or death due to the condition of such food unless such injury or death is a direct result of the gross negligence or intentional misconduct of such organization.

D.C. Code § 48-301 (b). DCCK need not show any additional facts to demonstrate that it falls within the purview of this statutory immunity. Plaintiff alleges that DCCK is a bona fide charitable organization that distributes food without charge. Plaintiff does not allege that DCCK has knowingly nor negligently distributed food that is not fit for human

11

consumption, and the fact that plaintiff alleges no injury supports an inference that the food distributed by DCCK is indeed fit for human consumption. Therefore, under DC law, DCCK is immune from civil liability and the case against DCCK must be dismissed.

## **CONCLUSION**

Based on the foregoing, DCCK respectfully requests that this Court enter an order dismissing Plaintiff's complaint against DCCK in its entirety.

Dated:  April 24, 2007                                    Respectfully submitted,

                                                                                     ___/s/____Tonya Gaskins-Saunders_____
Deborah Baum (D.C. Bar No. 393019)
Steven A. Dahm (D.C. Bar No. 485323)
Tonya Gaskins-Saunders (D.C. Bar No. 484414)
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, NW
Washington, DC 20037
(202) 663-8000
(202) 663-8007 (facsimile)

Attorneys for Defendant DC CENTRAL KITCHEN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of April, 2007, I caused a true and correct copy of the foregoing Memorandum of Points and Authorities in Support of Defendant DC Central Kitchen's Motion to Dismiss to be served by U.S. first class mail, postage prepaid, on the following:

>Francwa Sims
>2700 Martin Luther King Avenue, SE
>Washington, DC 20032


    /s/  Steven A. Dahm
Steven A. Dahm

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FRANCWA SIMS,               )<br>                             )<br>    Plaintiff,             )<br>                             )<br>    v.                       )<br>                             )<br>CATHOLIC CHARITIES, et al., )<br>                             )<br>    Defendants.              )<br>                             )   | Civil Action No.  07-0198 (RMC) |

## ORDER

Upon consideration of Defendant DC Central Kitchen's Motion to Dismiss, the memoranda submitted in support thereof and in opposition thereto, and the entire record in this case, it is this 24th day of April, 2007,

ORDERED that defendant's motion be and it hereby is granted; and it is further

ORDERED that the case against Defendant DC Central Kitchen is hereby dismissed with prejudice.

_____
Hon. Rosemary M. Collyer
United States District Judge

Copies to:

Deborah Baum (D.C. Bar No. 393019)
Steven A. Dahm (D.C. Bar No. 485323)
Tonya Gaskins-Saunders (D.C. Bar No. 484414)
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037


Francwa Sims
2700 Martin Luther King Avenue, SE
Washington, DC 20032