UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANCWA SIMS, | : |
|     Plaintiff, | : |
| v. | : Civil Action No. 1:07cv0198(RMC) |
| CATHOLIC CHARITIES, *et al.*, | : |
|     Defendants. | : |

## CATHOLIC CHARITIES MOTION TO DISMISS

Defendant Catholic Charities ("Catholic Charities") by counsel, CARR MALONEY P.C., respectfully moves this Court pursuant to Fed.R.Civ.P. 12(b) to dismiss Plaintiff Francwa Sims' Complaint on the grounds that Plaintiff has failed to state a claim for which relief can be granted and for those grounds more fully set forth in the attached Memorandum of Law.

Respectfully submitted,

By: _____
Thomas L. McCally, Esquire #391937
Colleen E. Durbin, Esquire # 500039
CARR MALONEY P.C.
1615 L Street, N.W.
Suite 500
Washington, D.C. 20036
(202) 310-5500 (Telephone)
(202) 310-5555 (Facsimile)
*Counsel for Catholic Charities*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRANCWA SIMS,

    Plaintiff,

v.

CATHOLIC CHARITIES, *et al.*,

    Defendants.

Civil Action No. 1:07cv0198(RMC)

## CATHOLIC CHARITIES MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Catholic Charities ("Catholic Charities") by counsel, CARR MALONEY P.C., respectfully moves this Court pursuant to Fed.R.Civ.P. 12(b) to dismiss Plaintiff Francwa Sims' Complaint in its entirety. As described below, dismissal is appropriate because Plaintiff cannot allege violations of Fourth Amendment rights against a private entity, Plaintiff is not entitled to the remedies sought under the Homeless Services Reform Act ("HSRA") and the Court lacks subject matter jurisdiction.

### STATEMENT OF FACTS

Catholic Charities is a non-profit charitable organization that provides a myriad of social services for residents of the Washington, DC area including housing, education, health and legal services, refugee and immigration, childcare, emergency assistance, food programs, foster care, pregnancy and adoption services. It is the largest private social service agency in this area and serves approximately 80,000 men, women and children each year.

Plaintiff is a homeless individual who filed this suit against Catholic Charities, Hawk

One Security, the DC Department of Human Services, the DC Housing Authority, Martha's Table and DC Central Kitchen. With respect to Catholic Charities, Plaintiff alleges that it is in violation of the District of Columbia's Homeless Services Reform Act of 2005, D.C.Code § 4-751.01 *et seq* in connection with its operation of the 801 East Shelter ("Shelter"). Plaintiff also appears to allege that Catholic Charities, as well as Hawk One Security, have violated his and other homeless individuals' Fourth Amendment rights by subjecting them to unwanted searches.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim should be granted when it appears "beyond a doubt that plaintiff can demonstrate no set of facts that supports his claim entitling him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 (1957); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C.Cir.2002). In evaluating a motion to dismiss, the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Harris v. Ladner*, 127 F.3d 1121 (D.C.Cir.1997). Notwithstanding this liberal construction, the Court is not obligated to draw factual inferences that are not supported by the facts alleged in the complaint nor must the Court accept the plaintiff's legal conclusions. *See National Treasury Employees Union v. United States*, 101 F.3d 1423, 1430 (D.C.Cir.1996); *Kowal v. MCI Communication Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994).

The central purpose of the complaint is to provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests" and plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendants to prepare a fair response. *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99 (1957). "[I]f as a matter of law 'it is clear that no relief could be granted under no set of facts that could be proved consistent with the allegations,' the claim must be dismissed, without regard to whether it is based on an outlandish legal theory or

on a close but ultimately unavailing one." *Nietzke v. Williams,* 490 U.S. 319, 326 (1989). Furthermore, although the pleading requirement of Rule 8(a) is very liberal, more detail is required than the bold statement by plaintiff that he has a valid claim of some type against defendant. *Migdal v. Rowe-Price-Fleming International, Inc., et al.* 248 F. 3d 321 (4th Cir. 2001). All of Plaintiff's allegations against Catholic Charities contain no legal basis and should thus be dismissed.

## ARGUMENT

1.  <u>Plaintiff Fails to State a Claim Against Catholic Charities Under the Fourth Amendment</u>

Plaintiff is not entitled to relief under the Fourth Amendment of the Constitution of the United States because Catholic Charities is a private entity and not a government actor. *Coolidge v. New Hampshire,* 403 U.S. 443, 488, 91 S.Ct 2022 (1971); *Bennett v. U.S. Chess Federation,* 468 F.Supp.2d. 79 (D.D.C.2006). "It is well established that the protection of the Fourth Amendment is applicable to intrusions of an individual's privacy interests by governmental officers and not, generally, to those made by private parties." *United States v. Lima,* 424 A.2d 113, 117 (D.C.1980). Catholic Charities employees, being neither government agents nor police officers cannot be liable for any of Plaintiff's perceived violations of his Fourth Amendment Rights.

Plaintiff has the burden of proving that Catholic Charities acted under the color of state law. *Blum v. Yaretsky,* 457 U.S. 991 (1982). Yet Plaintiff acknowledges that Catholic Charities is a privately funded non-profit organization and does even not allege that Catholic Charities is a state actor. Compl. ¶ 2. Nor is there any information in the Complaint that can be construed as suggesting that Catholic Charities was a state actor. Therefore, Plaintiff's claims with respect to Catholic Charities illegal search and seizure should be dismissed.

2.  <u>Plaintiff is not Entitled to the Requested Relief</u>

Neither the District of Columbia's HSRA nor any conceivable remedial device entitle Plaintiff to the relief that he requests. Plaintiff requests that the Court order an investigation into Catholic Charities finances and closely monitor its activities. He also believes that Catholic Charities should provide "basic essentials" to it clients and exit programs, job programs and housing programs for the residents of the Shelter. Compl. ¶¶ 24-25. However, the HSRA unequivocally states that "[n]o provisions of this act shall be construed to create an entitlement (either direct or implied) on the part of any individual or family to any services within the Continuum of Care, other than shelter in severe weather conditions as authorized by section 9(5)." D.C.Code § 4-755.01. Plaintiff makes no allegations that Catholic Charities denied him or other homeless individual's access to severe weather shelters.[1] Therefore the complaint should be dismissed.

3.  <u>This Court does not have Subject Matter Jurisdiction</u>

Even assuming *arguendo* that Plaintiff makes a valid claim under HSRA, the complaint must still be dismissed because this Court lacks jurisdiction. As stated above, Plaintiff's claims for violations of the Fourth Amendment must be dismissed because Catholic Charities is a non-governmental actor. That leaves only the HSRA, a state claim, and non-diverse parties before this Court. Since Plaintiff has no valid Fourth Amendment claim, there is no federal cause of action.

Plaintiff's sole cause of action is based on the HSRA, a statute regulating services for the homeless in the District of Columbia. The HSRA is a statute of the District of Columbia and not

---

[1] The only allegations regarding blocking of access to the Shelter involve Hawk One Security. As Plaintiff concedes in his Complaint, Hawk One provides security services for the DC Government. It has not relationship, contractual or otherwise, with Catholic Charities.

a federal law for purposes of federal question jurisdiction. For claim to be a federal question, it must arise under the Constitution, laws or treaties of United States. A right or immunity created by the Constitution or laws of United States "must be an element, an essential one, of plaintiff's cause of action." *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 94 S.Ct. 1002 (1974). Plaintiff's claims for violations of the HSRA do not implicate any constitutional right or federal law and thus no federal questions exist.

Furthermore, there is no diversity of citizenship. Plaintiff's complaint makes it clear that he is a resident of the District of Columbia. He alleges that Catholic Charities is "established under the laws of the District of Columbia." Compl. ¶ 2. He also maintains that the other defendants are either a DC government agencies or non-profits providing services in the District. Federal diversity jurisdiction is lacking if there are any litigants from the same state on opposing sides. *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534 (1951); 28 U.S.C.A. § 1332. Because *all* of the parties are citizens of the District of Columbia, this Court must dismiss for lack of diversity jurisdiction.

WHEREFORE, for the reasons set forth in the above, defendant Catholic Charities respectfully moves this Court to grant its Motion to Dismiss.

Respectfully submitted,

By: *[signature]*

Thomas L. McCally, Esquire #391937
Colleen E. Durbin, Esquire # 500039
CARR MALONEY P.C.
1615 L Street, N.W.
Suite 500
Washington, D.C. 20036
(202) 310-5500 (Telephone)
(202) 310-5555 (Facsimile)
*Counsel for Catholic Charities*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing *Motion to Dismiss* was mailed first class, postage prepaid, or served electronically on the 8th of May 2007 to the following:

Francwa Sims
2700 Martin Luther King Avenue, SE
Washington, DC 20032

Tonya Gaskins-Saunders
Pillsbury Winthrop Shaw Pittman, LLP
2300 N Street, NW
Washington, DC 20037

Donald T. Stepka
Arnold & Porter
555 12th Street, NW
Washington, DC 20004-1206

Hawk One Security, Inc.
1331 H Street, NW
Washington, DC 20005

Kate Jesberg
Interim Director
District of Columbia Department of Human Services
64 New York Ave., NE
Washington, DC 20001

Michael P. Kelly
Executive Director
District of Columbia Housing Authority
1133 North Capital Street, NE
Washington, DC 20002

Colleen E. Durbin